IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
) Criminal No. 08-40 Erie
) Judge Sean J. McLaughlin
v. )
)
MARVIN T. JONES, )
)
)

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant Marvin T. Jones' ("Defendant") motion to reduce sentence. For the reasons which follow, the motion will be dismissed.

On March 11, 2009, Defendant pled guilty to possession with intent to distribute and distribution of 5 or more grams of cocaine base (crack cocaine). The parties stipulated that the amount of crack cocaine attributable to Defendant was 13.6 grams. Pursuant to the mandatory minimum required by statute, Defendant received a sentence of 60 months incarceration.

In the instant motion, Defendant contends that he is entitled to have his sentence reduced pursuant to the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (2010). Signed into law on August 3, 2010, the Fair Sentencing Act raises the threshold for imposition of a 60-month statutory minimum prison sentence from five grams of crack cocaine to 28 grams. Since Defendant pled guilty to 13.6 grams of crack cocaine, an amount that would subject him to the statutory minimum under the old statute but not under the new version, he contends that his sentence should be reduced to comply with the new version of the statute.

The "general savings statute," 1 U.S.C. § 109, requires a court to apply the penalties in place at the time that a crime is committed unless an amending or superceding statute expressly provides for its own retroactive application. It provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under any such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109. Thus, where a newly enacted statute is silent regarding its own retroactivity, the statute only applies prospectively to conduct occurring on or after the date of its enactment. See Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 660 (1974); United States v. Carradine, 2010 WL 3619799 (6th Cir. 2010).

Here, the Fair Sentencing Act of 2010 does not justify a reduction in Defendant's sentence because it does not expressly provide for retroactive application. In Carradine, the Sixth Circuit, rejecting an identical request for a reduction of sentence, stated:

> The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time [Defendant] committed the crime in question. We affirm the district court's imposition of the 60-month mandatory minimum sentence.

Id. at *5. Similarly, every court which has considered the Fair Sentencing Act has concluded that it is not retroactive. See, e.g., United States v. Brown, 2010 WL 3958760, *1 (8th Cir. 2010) (holding that the Fair Sentencing Act "was not made retroactive"); Deleston v. Warden, 2010 WL 3825399, *3 (D.S.C. 2010) ("The Fair Sentencing Act of 2010 . . . is not retroactive."); United States v. Ohaegbu, 2010 WL 3490261, *1 (M.D. Fla. 2010) (finding "no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010" to support retroactive application); United States v. Miller, 2010 WL 3119768, *2 n. 2 (D. Minn. 2010) (same); United States v. King, 2010 WL 3490266, *2 (M.D. Fla. 2010) (same); Coleman v. Owen, 2010 WL 3842381, *4 (D.S.C. 2010) (same). Consequently, the Fair Sentencing Act of 2010 does not provide Defendant with a basis for a reduction of sentence.

Based on the foregoing, Defendant's motion for reduction of sentence is denied.

IT IS SO ORDERED.

/s/ - Sean J. McLaughlin
United States District Judge

cm: All parties of record.